**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

*Attorneys for Plaintiff,*
Maria Spaeth

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARIA SPAETH,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | **1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND,** |
| **FIRST PREMIER BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; AND, TRANS UNION LLC,** | **2.) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ.** |
| Defendants. | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**                                          PAGE 1 OF 12

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

---

3. Plaintiff MARIA SPAETH ("Plaintiff"), by Plaintiff's attorneys, bring this lawsuit to challenge the illegal actions of Defendants FIRST PREMIER BANK ("First Premier Bank" or "Defendants"); EXPERIAN INFORMATION SOULTIONS, INC. ("Experian" or "Defendants"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendants"); and, TRANS UNION LLC ("Trans Union" or "Defendants") with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g); Defendants' willful and negligent failure to properly investigate the repeated disputes of Plaintiff concerning the inaccurate account Defendants are reporting in Plaintiff's files, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**JURISDICTION AND VENUE**

9.   Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

10.  This action arises out of Defendants' violations of (i) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. et seq. ("CCCRAA").

11.  Because Defendants conduct business within the State of California, personal jurisdiction is established.

12.  Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff reside in the County of San Luis Obispo, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

**PARTIES**

13.  Plaintiff is a natural person who resides in the County of San Luis Obispo, in the State of California.  In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

14.  Defendant First Premier Bank is a corporation incorporated in the State of South Dakota.

15.  Defendant Equifax is a limited liability company incorporated in the State of Georgia.

16.  Defendant Experian is a corporation incorporated in the State of Ohio.

17.  Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

18. Defendant First Premier Bank is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

19. Defendants Experian; Equifax; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

20. The causes of action herein also pertain to Plaintiff's "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

21. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

22. Furthermore, Defendants conducted business within the State of California at all times relevant.

23. Plaintiff allegedly incurred financial obligations to First Premier Bank that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

24. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of each of Plaintiff's alleged debt.

25. As a result, First Premier Bank sent Plaintiff multiple written and telephonic communications with regard to Plaintiff's alleged debt.

26. Thereafter, Plaintiff was notified in or about May 2016 that First Premier Bank was repeatedly reporting that Plaintiff's account was charged off each month to the Credit Bureaus.

27. A creditor "charges off" a debt when it treats the debt as a loss or expense because payment is unlikely.

28. A charge off is an event that occurs at a definite period of time and that single point in time is when the creditor decides to treat the debt as a loss or expense.

29. Specifically, First Premier Bank reported to Equifax that Plaintiff's account was charged off every single month between May 2014 and April 2016 despite the fact that a charge-off did not occur during these months.

30. First Premier Bank reported to Trans Union that Plaintiff's account was charged off every single month between June 2014 and May 2016 despite the fact that a charge-off did not occur during these months.

31. First Premier Bank also reported to Experian that Plaintiff's account was charged off every single month between May 2014 and April 2016 despite the fact that a charge-off did not occur during these months.

32. Thereafter, Plaintiff disputed First Premier Bank's inaccurate reporting via certified mail sent directly to each of the Credit Bureaus.

33. Plaintiff's dispute explained to the Defendants that Plaintiff's account was charged off on only one occasion and requested that Defendants correct Plaintiff's credit report to reflect a charge off on only the correct month.

34. Upon information and belief, the Credit Bureaus timely notified First Premier Bank of Plaintiff's dispute.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

35. Following receipt, the Credit Bureaus were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

36. Similarly, First Premier Bank was also required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

37. Plaintiff received notification from Experian dated May 25, 2016 that First Premier Bank and Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

38. Plaintiff received notification from Equifax dated June 6, 2016 that First Premier Bank and Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

39. Plaintiff received notification from Trans Union dated June 11, 2016 that First Premier Bank and Trans Union received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

40. Despite notification of the issues discussed above, the Credit Bureaus simply verified the information as reported.

41. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3), yet still allowed the inaccurate and misleading First Premier Bank account information to report on Plaintiff's credit reports.

42. Accordingly, the Credit Bureaus failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

43. The Credit Bureaus also failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

44. Accordingly, First Premier Bank failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

45. Upon information and belief, First Premier Bank's investigation was unreasonable. More specifically, First Premier Bank should have discovered from its records, including Plaintiff's formal dispute, that the information First Premier Bank was reporting was inaccurate and patently misleading because it suggested that Plaintiff's account was charged off on multiple occasions over a two-year period.

46. By reporting the charge off each month, it creates the false impression that the derogatory trade line has been re-aged and would remain on Plaintiff's credit for another seven years.

47. Accordingly, First Premier Bank failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

48. First Premier Bank failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

49. Due to First Premier Bank's failure to reasonably investigate, First Premier Bank further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

50. By inaccurately reporting account information after notice and confirmation of its errors, First Premier Bank failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

51. Through this conduct, First Premier Bank has also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that First Premier Bank knew or should known was inaccurate.

52. First Premier Bank's and the Credit Bureaus' continued inaccurate and negative reporting of the First Premier Bank account despite their knowledge of the actual error was willful.

53. First Premier Bank's and the Credit Bureaus' failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information.

54. Accordingly, First Premier Bank and the Credit Bureaus willfully and negligently failed to comply with its respective duties to reasonably investigate Plaintiff dispute.

55. First Premier Bank's and the Credit Bureaus' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

56. Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports. However, said goods and/or services were denied to Plaintiff due in part to the First Premier Bank tradeline on Plaintiff's credit reports.

57. Despite receipt of the information supporting Plaintiff's claims, First Premier Bank verified the inaccurate information and the Credit Bureaus continued to report said information. To date, said derogatory mark remains on Plaintiff's credit reports and continues to damage Plaintiff.

58. As a result of said derogatory marks, Plaintiff have been unable to utilize credit opportunities only available to those with strong credit ratings.

59. As a result of Defendants' action and inaction, Plaintiff have suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff have further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

CAUSE OF ACTION

COUNT I

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. §§ 1681 ET SEQ.

[AGAINST ALL DEFENDANTS]

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.

62. Defendants' violations include, but are not limited to the following:

    a. Defendants violated 15 U.S.C. § 1681s-2(a)(1)(A) by furnishing the Plaintiff's information to a consumer reporting agency when Defendants knew or had reasonable cause to believe that the information was inaccurate.

63. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff in the sum of Plaintiff's actual damages, punitive damages, costs, and reasonable attorney's fees.

COUNT II

VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

Cal. Civ. Code § 1785.1, et seq.

[AGAINST ALL DEFENDANTS]

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

66. In the regular course of its business operations, each debt collector routinely furnishes information to credit reporting agencies pertaining to transactions between the debt collectors and consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

67. Because the debt collectors are each a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), the debt collectors are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).  Since the debt collectors received Plaintiff's dispute letters, the debt collectors should have also known that Plaintiff's alleged debt was void.

PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff pray that judgment be entered against Defendants:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

*///*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- An award of costs and litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,

- Any and all other relief the Court deems just and proper.

Dated: July 27, 2016                         **KAZEROUNI LAW GROUP, APC**

                                    By: ___/s/ Matthew M. Loker___
                                        MATTHEW M. LOKER, ESQ.
                                        ATTORNEY FOR PLAINTIFF

### TRIAL BY JURY

68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 27, 2016                         **KAZEROUNI LAW GROUP, APC**

                                    By: ___/s/ Matthew M. Loker___
                                        MATTHEW M. LOKER, ESQ.
                                        ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626